Frances Pauline CHESNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36969.

Court of Criminal Appeals of Texas.

May 20, 1964.

No attorney of record on appeal.

Henry Wade, Dist. Atty., Don Wills, Mark Troy, and C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of the offense of driving while intoxicated and her punishment was assessed at ninety days in jail and a fine of $150.

Upon the trial, the state called as a witness Officer A. J. Scoggin, of the city of Dallas police department, who testified that on the date in question at approximately 6:20 p. m., while he and his partner, Officer L. D. Miller, were on routine patrol in the vicinity of the 3100 block of Knox Street, they observed a woman, identified as the appellant and who was having trouble with her walking, come out of a liquor store at the corner of Knox and Cole Streets; that there was heavy traffic and they drove past

the intersection to turn around; and that just as they were able to turn, appellant got into a 1953 Chrysler automobile parked in front of the liquor store and drove down Knox Street; that they proceeded to follow her and observed that when she turned off Knox Street into McKinney she "overcontrolled" her automobile and caused it to go into the wrong lane of traffic; that she then got back into the right traffic lane and, upon reaching the intersection at McKinney and Monticello, ran a stop sign. The officer stated that he and his partner then tried to stop appellant by blowing the horn and turning on the red light of the patrol car but that she continued driving and ran another stop sign and then turned into an alley and stopped in the driveway at a house. The witness testified that when he walked up to appellant she was trying to hide a brown paper sack, containing a bottle of liquor, between the seats. He further testified that when appellant got out of the automobile she had trouble standing, her speech was slurred, her eyes were bloodshot, her breath smelled of alcohol, and, based upon his observation, he expressed the opinion that at such time appellant was intoxicated.

Officer Miller, upon being called as a witness, gave testimony which corroborated that of the witness Scoggin and he, too, expressed his opinion that on such occasion appellant was intoxicated.

Testifying as a witness in her own behalf appellant admitted driving the automobile from the liquor store to her home on the afternoon in question but denied that she was drunk and that she had consumed any intoxicating liquors.

Witnesses were also called by appellant, including her husband, son, daughter-in-law, and a yard man, who testified that they had observed her at her home on the afternoon in question, some as late as 5 p. m., and that she had not consumed any alcoholic beverages and was sober.

The jury resolved the disputed issue of intoxication against appellant and we find the evidence sufficient to sustain their verdict.

The record contains no formal bills of exception and there were no objections to the court's charge.

No brief has been filed on behalf of appellant.

We have carefully examined the informal bills of exception appearing in the statement of facts and find no reversible error therein.

The judgment is affirmed.

Opinion approved by the Court.